UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LYNN L. T.,<br>Plaintiff,<br>v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | CASE NO. 3:26-cv-05209-GJL<br><br>SOCIAL SECURITY DISABILITY APPEAL ORDER |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Magistrate Judge Rule 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 3. This matter has been fully briefed. *See* Dkts. 13, 18, 22.

Having considered the Administrative Record (AR) and all memoranda, the Court concludes that the Administrative Law Judge (ALJ) did not err in concluding that Plaintiff was not disabled. Accordingly, this matter is **AFFIRMED**.

//

//

//

## I. PROCEDURAL HISTORY

On November 12, 2014, Plaintiff filed her applications for Title II Disability Insurance Benefits (DIB) pursuant to 42 U.S.C. § 423(a), and Title XVI Supplemental Security Income (SSI) pursuant to 42 U.S.C. § 1381(a). AR 171–72. Her claims were denied initially on April 27, 2015, and upon reconsideration on August 24, 2015. AR 126, 139, 171–72.

The matter came on for hearing April 18, 2017, AR 49, and on November 20, 2017, ALJ Allen Erickson entered a decision (2017 decision) concluding that Plaintiff was not disabled. AR 40. The Appeals Council denied Plaintiff's request for review on October 23, 2018, making the 2017 decision the Commissioner's final decision subject to judicial review. AR 1. On December 22, 2018, Plaintiff filed a Complaint in the United States District Court for the Western District of Washington. AR 917–18. United States Magistrate Judge J. Richard Creatura entered an Order reversing and remanding the 2017 decision on October 2, 2019. AR 925–43. The Appeals Council, in turn, remanded the matter on February 5, 2020. AR 944–46.

The matter came on for another hearing on November 24, 2020, AR 1766, and on February 24, 2021, ALJ Allen Erickson, once again, concluded that Plaintiff was not disabled (2021 decision). AR 817–41. In turn, Plaintiff filed another Complaint in the United States District Court for the Western District of Washington on June 24, 2021, AR 1658, and by Order entered April 28, 2022, United States Magistrate Judge David W. Christel reversed and remanded the 2021 decision. AR 1657–60. The Appeals Council remanded the matter on June 6, 2022. AR 1661.

The matter came on for another hearing on September 21, 2023, AR 2067, this time before ALJ Lawrence Lee (the ALJ), who entered another decision concluding that Plaintiff was not disabled on November 1, 2023 (2023 decision). AR 1564–87. Plaintiff filed yet another Complaint in the United States District Court for the Western District of Washington on March

5, 2024, AR 1915, and on October 17, 2024, United States Magistrate Judge David W. Christel entered an Order reversing and remanding the ALJ's 2023 decision. AR 1914–23. The Appeals Council remanded the matter, once again, on January 30, 2025. AR 1924.

The matter came on for another hearing on October 7, 2025, AR 1864, and by decision entered October 31, 2025, the ALJ—for a fourth time—concluded that Plaintiff was not disabled (2025 decision). AR 1830–54. On March 5, 2026, Plaintiff filed a Complaint with this Court seeking judicial review of the ALJ's 2025 decision. Dkt. 5. Defendant filed the sealed Administrative Record in this matter on May 4, 2026. Dkt. 8.

## II. BACKGROUND

Plaintiff was born on February 14, 1953, and was sixty years old on July 21, 2013, her alleged date of disability onset. AR 115. Plaintiff has at least a high school education. AR 399. According to the ALJ, Plaintiff suffers from the severe impairments of: major depressive disorder, anxiety disorder, and post-traumatic stress disorder. AR 1833. The ALJ, however, found that Plaintiff was not disabled because she had the Residual Functional Capacity (RFC) through her Date Last Insured (DLI) to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: [Plaintiff] was able to tolerate a work setting with moderate noise level. She was able to understand, remember, and apply detailed but non-complex tasks, in work that involved frequent interaction with supervisors and occasional interaction with co-workers and the public. [Plaintiff] required that her work included no outdoor jobs and no work performed in direct sunlight.

AR 1838.

## III. DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if the ALJ's findings are based upon legal error or are not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019).

Plaintiff argues that the ALJ erred in evaluating: (1) the medical opinion evidence; and (2) her subjective symptom testimony.[1] Dkt. 13 at 2.

**A. Medical Opinion Evidence**

First, Plaintiff argues that the ALJ erred in evaluating the medical opinion evidence. Dkt. 13 at 3–14.

Applications filed before March 27, 2017, are governed by the previous regulatory scheme for evaluating medical opinion evidence. 20 C.F.R. §§ 404.1527(b), 416.927(b); *see also Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) ("The revised [post-2017] social security regulations are clearly irreconcilable with our caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant."). Under the pre-2017 regulations, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citation omitted).

When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830–31. The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).

[1] Plaintiff also contends the ALJ's RFC assessment was erroneous because it did not include limitations supported by the evidence that she contends was improperly evaluated, Dkt. 13 at 2, 18–19, but the Court addresses this argument by considering whether the evidence was improperly discredited and, if so, whether that improper assessment rendered the RFC incomplete. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008) (RFC inadequacy based only on other arguments not independent basis for remand). Because the Court concludes the ALJ did not err in considering this evidence, the Court rejects this argument.

1. Dr. Koch

First, Plaintiff argues that the ALJ erred in evaluating the medical opinion evidence offered by Dr. Koch. Dkt. 13. at 3–5.

In a previous appeal in this matter, however, Judge Christel observed that "[t]he ALJ discounted [Dr. Koch's] opined limitation because Plaintiff had denied to other clinicians that she experienced visual hallucinations[,]" and "[t]he ALJ found it 'reasonable that such a claim would be a significant factor' in Dr. Koch's determination that Plaintiff had a marked limitation in her ability to complete a normal workday and workweek." AR 1917. Consequently, Judge Christel concluded that "the ALJ did not err in discounting Dr. Koch's opinion because it was based on such symptoms." *Id.*

It is fundamental that "the law of the case doctrine and the rule of mandate apply to social security remands from federal court in the same way they would apply to any other case." *Stacy v. Colvin*, 825 F.3d 563, 566 (9th Cir. 2016). "The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case." *Id.* at 567. "The doctrine is concerned primarily with efficiency, and should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust." *Id.*

Here, Dr. Koch's opinion is not substantially different, the controlling law has not changed, and Plaintiff makes no argument that applying the doctrine in this instance would be unjust. *See* Dkt. 13 at 3–5, Dkt. 22 at 2–3. For these reasons, pursuant to the law of the case doctrine, the Court declines to consider Plaintiff's argument regarding Dr. Koch's medical opinion.[2]

[2] Plaintiff also contends that the ALJ erred in evaluating the statements offered by Ms. Ryken and ARNP Armstrong. Dkt. 13 at 10–12. Nonetheless, Judge Creatura addressed these arguments raised by Plaintiff in his 2019 Order,

2. Dr. Bowes

Dr. Bowes conducted a "Psychological/Psychiatric Evaluation" on behalf of Plaintiff's disability claim on September 18, 2014. AR 398. In Dr. Bowes' opinion, Plaintiff has, *inter alia*, "marked" limitations in her ability to: understand, remember, and persist in tasks by following detailed instructions; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; complete a normal work day and work week without interruptions from psychologically based symptoms; and maintain appropriate behavior in a work setting. AR 401.

The ALJ gave Dr. Bowes' opinion "marked ratings very little weight." AR 1849. First, the ALJ found the "marked limitation in performing detailed instructions is not consistent with [Plaintiff]'s essentially unremarkable performance on mental status examination with [Dr. Bowes]" and Dr. Bowes "did not make other observations that would support the limitation opined." *Id.* Second, the ALJ gave "very little weight to the marked rating regarding performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerances without special supervision, and completing a normal workday/workweek because" Dr. Bowes "had no basis for the marked limitations in these domains beyond [Plaintiff]'s subjective reports" and Dr. Bowes "did not expressly explain the basis for the limitations, and their basis is not evident in her clinical findings or observations." *Id.*

Plaintiff argues that the ALJ erred in evaluating Dr. Bowes' medical opinion, by giving "'very little weight' to Dr. Bowes['] opinion regarding [Plaintiff]'s marked limitations, but none of the ALJ's reasons are legitimate." Dkt. 13 at 6. Plaintiff further argues that "[c]ontrary to the

---

concluding that the ALJ offered "germane reasons" for giving "little weight" to these opinions. AR 938–40. For this reason, pursuant to the law of the case doctrine, the Court also declines to address these arguments. *See Stacy*, 825 F.3d at 566–67.

ALJ's assertion, Dr. Bowes['] clinical findings support her opinions[,]" that Plaintiff's "mental status examination was not 'essentially unremarkable,' and the ALJ has not identified any actual inconsistency here." *Id.*

In making these arguments, however, Plaintiff does not identify "the many" clinical findings from Dr. Bowes' evaluation that would support Dr. Bowes' opinion of "marked" limitations in Plaintiff's ability to (1) follow detailed instructions, or (2) to perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances without special supervision, and complete a normal workday—beyond these conclusory assertions that Dr. Bowes' clinical findings "support her opinions" and that "Dr. Bowes['] detailed narrative discussion of [Plaintiff]'s history includes many findings [that] support her opinions." *Id.* at 7. In fact, Plaintiff does not identify *any* findings from the evaluation that purportedly support Dr. Bowes' opinion of marked limitations in these functional areas. *Id.*

On the other hand—as Plaintiff ostensibly overlooks in making these arguments—the ALJ found that Dr. Bowes did not explain "the basis for the limitations [in Plaintiff's ability to perform activities within a schedule, maintain regular attendance, etc.], and their basis is not evident in [Dr. Bowes'] clinical findings or observations[,]" because Dr. Bowes "did not observe limitations in the pace of [Plaintiff]'s work during the evaluations, and nothing in the evaluations addressed punctuality, attendance, or persistence." AR 1849–50; Dkt. 13 at 6. This was a specific and legitimate reason, supported by substantial evidence, for rejecting Dr. Bowes' opinion.

In sum, the ALJ gave a proper, legitimate and specific reason for rejecting Dr. Bowes' opinion of marked limitations in certain functional areas. Accordingly, the Court need not consider the ALJ's remaining reasons for discounting Dr. Bowes' opinion, because any error with respect to those additional reasons would be harmless. *See Molina v. Astrue*, 674 F.3d 1104,

1115 (9th Cir. 2012) (internal quotation marks and citations omitted) ("[A]n error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion.").

3. Dr. Meagher

Dr. Meagher submitted a statement on behalf of Plaintiff's disability claim on August 5, 2015. AR 587.[3] In Dr. Meagher's opinion, Plaintiff, *inter alia*, "does not appear to be capable of obtaining or maintaining full time competitive employment, but question[s] remain[ ] as to whether her condition constitutes a permanent disability." AR 590.

The ALJ gave Dr. Meagher's opinion "very little weight" because Dr. Meagher "had insufficient basis on which to judge [Plaintiff]'s ability to obtain or maintain employment." AR 1850. The ALJ noted Plaintiff's performance at the evaluation and found that Plaintiff's "performance [wa]s not consistent with the inability to obtain or maintain full-time employment, and [Dr. Meagher] did not make other clinical findings or observations that would support his conclusory opinion." *Id.* Dr. Meagher "noted [Plaintiff]'s subjective complaints and [Plaintiff]'s impression that she would be unable to return to any kind of full-time work" but Dr. Meagher "did not explain the clinical findings or observations that supported [Plaintiff]'s symptoms or that they resulted in an inability to sustain full-time work." *Id.* (internal record citations omitted).

[3] The Court observes that, in 2019, Judge Creatura addressed Dr. Meagher's opinion, concluding that "the ALJ has provided a specific, legitimate reason for discounting Dr. Meagher's statement, [and] the ALJ did not err in evaluating this opinion." AR 935. Nonetheless, upon remand, in the 2023 decision, the ALJ offered a new basis for rejecting Dr. Meagher's opinion. *Cf.* AR 37–38, AR 1583. On appeal in 2024, Judge Christel concluded that the ALJ had erred in evaluating Dr. Meagher's opinion in the 2023 decision based upon this new rationale, AR 1921, and instructed the ALJ to "reassess the medical evidence and the RFC on remand." AR 1922. Despite the previous ruling by Judge Creatura, because the ALJ was instructed to reconsider the medical evidence on remand, out of an abundance of caution, the Court in its discretion, will consider the merits of Plaintiff's argument as to Dr. Meagher's opinion evidence, rather than concluding that this issue is preempted pursuant to the law of the case doctrine.

In response, Plaintiff argues that "[t]he ALJ's conclusory assertion here [that Dr. Meagher's opinion was not supported by clinical findings] is not supported by substantial evidence[.]" Dkt. 13 at 9. In making this argument, however, Plaintiff, or rather, Plaintiff's attorney, *once again*, fails to identify any clinical findings or observations that *would* support Dr. Meagher's opinion that Plaintiff was "unable to return to any kind of full-time work"—beyond his own conclusory assertions to the contrary in Plaintiff's Opening Brief. *See id.*

As the ALJ noted, Dr. Meagher's evaluation of Plaintiff did not yield clinical findings or observations that would support Dr. Meagher's opinion, as Dr. Meagher "did not explain the clinical findings or observations that supported [Plaintiff]'s symptoms or that they resulted in an inability to sustain full-time work." AR 1850–51. This was a legitimate and specific reason for the ALJ to give little weight to Dr. Meagher's opinion, and for this reason, the Court concludes that the ALJ did not err in evaluating Dr. Meagher's medical opinion. Here too, the Court need not consider the ALJ's remaining reasons for discounting Dr. Meagher's opinion, because any error with respect to those additional reasons would be harmless. *See Molina*, 674 F.3d at 1115–16.

**B. Subjective Symptom Testimony**

Next, Plaintiff argues that the ALJ erred in evaluating her subjective symptom testimony. Dkt. 13. at 14–18. The Court observes, however, that "this Court previously determined that the ALJ properly found Plaintiff's subjective complaints to be not entirely credible[.]" AR 1659 (citing AR 935–37). For this reason, pursuant to the law of the case doctrine, the Court declines to address Plaintiff's remaining argument regarding her subjective symptom testimony. *See Stacy*, 825 F.3d at 566.

//

## IV. CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 28th day of October, 2026.

Grady J. Leupold
United States Magistrate Judge